IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00741-PAB-MJW

WILLIAM GILMORE,

Plaintiff,

v.

TRUDY SICOTTE, and
DAVID TESSIER,

Defendants.

---

**REPORT AND RECOMMENDATION ON**

**DEFENDANT TESSIER'S MOTION TO DISMISS (Docket No. 26);**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 32); and**

**DEFENDANT SICOTTE'S MOTION FOR SUMMARY JUDGMENT (Docket No. 34)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff, a state inmate, alleges that he has degenerative arthritis in his ankles and also fractured an ankle playing softball in the recreational yard.  He brings this suit under 42 U.S.C. § 1983 and the Eighth Amendment, alleging that the medical treatment for his ankles has been inadequate.  He further alleges that Defendant Sicotte falsified medical records to cover up the inadequate care.

Before the Court are three dispositive motions referred to the undersigned by Judge Philip A. Brimmer:

- Defendant Tessier's Motion to Dismiss (Docket Nos. 26, 28);

- Plaintiff's Motion for Summary Judgment (Docket Nos. 32, 33, 48, 49); and

2

- Defendant Sicotte's Motion for Summary Judgment (Docket Nos. 34, 35, 47).

The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following report and recommendation.

### Defendant Tessier's Motion to Dismiss (Docket No. 26)

Defendant Tessier's motion to dismiss is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff did not file a response to this motion.

Judge Brimmer states the applicable legal standards as follows:

> Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  Rule 12(b)(1) challenges are generally presented in one of two forms: the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests.

> When resolving a facial attack on the allegations of subject matter jurisdiction, the Court must accept the allegations in the complaint as true. . . . Ultimately, and in either case, plaintiff has the burden of establishing subject matter jurisdiction because it is the party asserting jurisdiction.

> The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim.  In doing so, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.

> The plausibility standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief.

3

*Flute v. United States*, 67 F. Supp. 3d 1178, 1183–84 (D. Colo. 2014) (internal citations, quotation marks, and alterations omitted).

Defendant Tessier argues, under Rule 12(b)(1), that official-capacity claims against him are barred by the Eleventh Amendment to the extent the claims seek monetary damages of any kind.  This is true, *Hull v. Colo. Bd. of Governors of Colo. State Univ. Sys.*, 805 F. Supp. 2d 1094, 1102–03 (D. Colo. 2011), and the Court thus recommends that the official-capacity claims against Defendant Tessier be dismissed for lack of jurisdiction.

Defendant Tessier makes three arguments, under Rule 12(b)(6), as to why the individual-capacity claims against him should also be dismissed.  First, he argues that Plaintiff has not alleged by personal participation by him; second, he argues that the alleged deprivation does not rise to the level of deliberate indifference to a serious medical need under the Eighth Amendment; third, he argues that he is entitled to qualified immunity in any event.  The Court disagrees with the first argument, but agrees with both the second and third arguments.

As to personal participation, Plaintiff provided an email showing that Defendant Tessier personally made the decision to deny Plaintiff medically supportive shoes. (Docket No. 24, p. 8.)  Although this email was not attached as an exhibit to the Complaint, the Court construes Plaintiff's filings liberally due to his pro se status, and Plaintiff's early Motion to Introduce Supporting Documentation (Docket No. 24) and Motion to Introduce Undisputed Facts (Docket No. 29) are clearly intended to provide support for his pleadings.  The Court therefore will treat the exhibits attached to

4

Plaintiff's motions as exhibits attached to the Complaint under Federal Rule of Civil Procedure 10(c). And by incorporating by reference Defendant Tessier's email, the Complaint adequately alleges personal participation.

That said, the email also shows that Defendant Tessier's personal participation amounted to deciding that Plaintiff's ankle braces (given him before the softball injury) adequately accommodated his ankle conditions, and that medically supportive shoes were not necessary. This is a mere disagreement over the course of medical treatment; it does not show indifference to a known medical need, nor reckless disregard for the possibility of such need. *Sherman v. Klenke*, 67 F. Supp. 3d 1210, 1217 (D. Colo. 2014) (citing *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir.1999)). And beyond this email, Plaintiff's Complaint contains only conclusory allegations as to Defendant Tessier's knowledge of Plaintiff's condition or control over his care. Without further factual content, Plaintiff has not plausibly alleged a constitutional violation by Defendant Tessier. The Court thus recommends that the individual-capacity claims against Defendant Tessier be dismissed for failure to state a claim.

The Court recommends that Defendant Tessier's motion to dismiss (Docket No. 26) be granted.

### Plaintiff's Motion for Summary Judgment (Docket No. 32)

Plaintiff moves for summary judgment, stating that the undisputed facts establish that he received no treatment for his fractured ankle despite repeated requests for care. Defendant Tessier filed a response to this motion; Defendant Sicotte did not.

5

The burden is on Plaintiff to establish the absence of any genuine dispute as to

any material fact regarding the adequacy of his medical care.  *See* Fed. R. Civ. P.

56(a).  The medical records Plaintiff refers to do not meet this burden.  They establish

an injury and a course of treatment; they do not establish that the course of treatment

fell below a medically acceptable level or reflected a conscious disregard of excessive

pain.  Plaintiff argues that, to the extent the records do not show a worse injury or a less

adequate course of treatment, they have been falsified—but Plaintiff provides no

evidence of falsification other than his own assertions.  This does not meet his burden

on summary judgment.  These allegations will need to be proven at trial.

The Court recommends that Plaintiff's motion for summary judgment (Docket No.

32) be denied.

**Defendant Sicotte's Motion for Summary Judgment (Docket No. 34)**

Defendant Sicotte has also moved for summary judgment.  Judge Brimmer

states the applicable legal standards as follows:

Summary judgment is warranted under Federal Rule of Civil
Procedure 56 when the movant shows that there is no genuine dispute as
to any material fact and the movant is entitled to judgment as a matter of
law.  A disputed fact is material if under the relevant substantive law it is
essential to proper disposition of the claim.  Only disputes over material
facts can create a genuine issue for trial and preclude summary judgment.
An issue is genuine if the evidence is such that it might lead a reasonable
jury to return a verdict for the nonmoving party.

However, when, as in this case, the moving party does not bear the
ultimate burden of persuasion at trial, it may satisfy its burden at the
summary judgment stage by identifying a lack of evidence for the
nonmovant on an essential element of the nonmovant's claim.  Once the
moving party meets this burden, the burden shifts to the nonmoving party
to demonstrate a genuine issue for trial on a material matter.  The
nonmoving party may not rest solely on the allegations in the pleadings,

but instead must designate specific facts showing that there is a genuine
issue for trial.  To avoid summary judgment, the nonmovant must
establish, at a minimum, an inference of the presence of each element
essential to the case.  In applying this standard, we view all facts and any
reasonable inferences that might be drawn from them in the light most
favorable to the nonmoving party.

*E.E.O.C. v. JBS USA, LLC*, ___ F. Supp. 3d ___, 2015 WL 4387882, at *9–10 (D. Colo.

July 17, 2015) (internal citations, quotation marks, and alterations omitted).

To meet her burden as the party *not* bearing the burden of persuasion at trial,

Defendant Sicotte puts forward the following facts as undisputed:

- On January 28, 2014—about ten days after his injury—Plaintiff was seen by
  the prison clinic for his ankle, at which point he was told to submit a "kite."

- On February 3, 2014, Plaintiff was seen by Defendant Sicotte, at which point
  Defendant Sicotte ordered x-rays but took no other steps to treat the injury.

- On February 19, 2014, another individual reviewed the x-rays and determined
  that Plaintiff's ankle was fractured.

- On February 26, 2014, Defendant Sicotte filed a medical encounter form—
  noting the fracture, recommending an orthopedic consultation, and ordering
  certain accommodations for Plaintiff's injury (a bottom-bunk a lower-tier cell
  assignment and a work lay-in).

- On March 4, 2015, Defendant Sicotte gave Plaintiff Motrin and Tylenol.

(Docket No. 34, pp. 2–3.)  From those facts, Defendant Sicotte argues that Plaintiff

cannot establish either the objective or the subjective parts of a deliberate-indifference

claim.  *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976) (describing two-prong test).

More specifically, Defendant Sicotte argues that Plaintiff can show neither (1) that the

five-week delay in care resulted in substantial harm, as the Tenth Circuit requires for

delay-in-care cases, *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000), nor (2)

that Defendant Sicotte acted culpably by knowingly or recklessly disregarding Plaintiff's medical need.

Defendant Sicotte's first argument, as to the objective prong, fails because this is not a delay-in-care case.  Plaintiff does not allege that he received *untimely* care; he alleges, rather, that he did not receive the care at all.  He alleges that the work restrictions and bunk arrangements that Defendant Sicotte purportedly ordered were never put into effect—that he remained without any medical accommodations other than his preexisting ankle braces.  Defendant Sicotte has not provided any direct evidence that the accommodations were actually put into effect.  In order to find that the restrictions were actually put into effect, the Court would have to infer as much from the simple fact that Defendant Sicotte wrote them down.  But on summary judgment, the Court cannot draw inferences in the moving party's favor.

Defendant Sicotte's second argument, as to the subjective prong, fails for the same reason: it requires the Court to draw inferences, and to reconcile conflicted evidence, in the moving party's favor.

The record in this case shows, among other things, two medical records that cannot be entirely reconciled with each other.  The first is a record from Plaintiff's February 3, 2014, visit with Defendant Sicotte.  (Docket No. 24, p.3; Docket No. 48-1.) That record contains a notation under the "Assessment" heading stating: "Left ankle has brace on it snug and when he takes brace off L ankle is without edema, echymosis [sic], or s/s of infection.  IM will not receive lay in more than two weeks after incident.  X-rays ordered.  Will kite I/M with results."  The record also includes, under the "Plans/Orders"

heading, an order for x-rays.  The second is a record from Plaintiff's February 26, 2014,

visit with Defendant Sicotte.  (Docket No. 24, p.5; Docket No. 34-1; Docket No. 48-2.)

This record, under the "Objective" section, states that "I/M will remain on [bottom bunk,

bottom tier] restriction" and that x-rays have shown a fracture in his ankle.  The record

requests an orthopedic consultation under the "Assessment" and "Plans/Orders"

section, but does not include any accommodations in those sections.

   The first of these records imposes no accommodations; the second of these

records does not do so either, but rather makes reference to an existing

accommodation.  It is possible to reconcile these records by inferring that Defendant

Sicotte, at some point, ordered accommodations for Plaintiff's injury.  But the records do

not prove that, and for purposes of this motion the Court may not draw inferences in

Defendant Sicotte's favor.  Likewise, it is possible to review these records and conclude

that Defendant Sicotte's failure to appreciate the severity of Plaintiff's injury was

attributable to mere negligence or, even, happened despite the exercise of ordinary

care.  But it is also possible to infer that she recklessly disregarded the possibility of a

fracture, and that inference has to be drawn in Plaintiff's favor at this stage of

proceedings.

   Defendant Sicotte has not carried her burden of showing the absence of

evidence on any essential element of Plaintiff's case.  Nor has she shown the absence

of a genuine issue of material fact.  The Court recommends that Defendant Sicotte's

motion for summary judgment (Docket No. 34) be denied.

## Recommendation

For the reasons stated above, the Court RECOMMENDS that:

- Defendant David Tessier's Motion to Dismiss (Docket No. 26) be GRANTED;
- Plaintiff's Motion for Summary Judgment (Docket No. 32) be DENIED; and
- Defendant Trudy Sicotte's Motion for Summary Judgment (Docket No. 34) be DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of the above recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: September 8, 2015
Denver, Colorado

*/s/ Michael J. Watanabe*
Michael J. Watanabe
United States Magistrate Judge