IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00741-PAB-MJW

WILLIAM GILMORE,

    Plaintiff,

v.

TRUDY SICOTTE and
DAVID TESSIER,

    Defendants.
_____

# ORDER
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") served on September 8, 2015 [Docket No. 53]. The magistrate judge recommends that the Court grant defendant David Tessier's Motion to Dismiss [Docket No. 26], deny plaintiff's Motion for Summary Judgment [Docket No. 32], and deny defendant Trudy Sicotte's Motion for Summary Judgment [Docket No. 34]. Docket No. 53 at 9. On September 15, 2015, defendant Ms. Sicotte filed timely objections to the Recommendation that the Court deny her summary judgment motion. Docket No. 54. On September 30, 2015, plaintiff timely filed a response to Ms. Sicotte's objections. Docket No. 55.

    Plaintiff, an inmate in the custody of the Colorado Department of Corrections and currently incarcerated at the Fremont Correctional Facility in Cañon City, Colorado, contends that he was denied medical treatment for his broken ankle. Docket No. 55 at 1. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). However, the Court may not act as a pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] [filings] or construct a legal theory on [his] behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

No party has objected to the portion of the Recommendation recommending that Mr. Tessier's Motion to Dismiss be granted or that plaintiff's Motion for Summary Judgment be denied. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

In this matter, the Court has reviewed the non-objected-to portions of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation on Mr. Tessier's Motion to Dismiss and plaintiff's motion for summary judgment is a correct application of the facts and the law. Therefore, the Court will grant Mr. Tessier's Motion to Dismiss and deny plaintiff's

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Motion for Summary Judgment. The Court turns now to the objected-to portions of the Recommendation.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

The underlying facts are set forth in the Recommendation and will not be restated here. As a preliminary matter, Ms. Sicotte submits new documents with her objection and relies almost exclusively on these new exhibits in her factual arguments to support her objection. *See* Docket Nos. 54, 54-1. Ms. Sicotte did not submit these documents in support of her motion for summary judgment or in response to plaintiff's motion for summary judgment. Thus, the documents were not properly before the magistrate judge. Federal Rule of Civil Procedure 72(b)(3) provides that the district judge "may"–but is not required to–receive new evidence when resolving objections to a magistrate judge's recommendation. A number of courts have held that the language of the rule places this decision within the district court's discretion. *See Clark v. United States*, 360 F. App'x 660, 663 (7th Cir. 2009) (unpublished) ("The district court, in adopting the magistrate judge's report and recommendation, did not abuse its discretion by refusing to consider the late-submitted affidavit and indulge [plaintiff's]

belated attempt to change his story."); *Jasty v. Wright Med. Tech., Inc.*, 528 F.3d 28, 33 (1st Cir. 2008) ("Under 28 U.S.C. § 636(b), a district court reviewing a magistrate judge's report and recommendation has discretion whether to receive further evidence."); *Gonzales v. Qwest Commc'ns Corp.*, 160 F. App'x 688, 690 (10th Cir. 2005) (unpublished) ("The decision whether to accept further evidence after the magistrate judge's recommendation is therefore within the district court judge's discretion."); *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002) ("Without adequate justification for the failure to present the evidence in question earlier, a district court may ignore belatedly tendered evidence offered in opposition to summary judgment after the court has ruled on a summary judgment motion."); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 n.4 (11th Cir. 2002) ("In light of [plaintiff's] failure to present the evidence to the magistrate judge, it would not have been an abuse of discretion for the district court to decline to consider the evidence at all."). Ms. Sicotte provides no justification for her failure to introduce the documents in her summary judgment motion or in response to plaintiff's motion for summary judgment and Ms. Sicotte does not offer any reason why she could not have provided such evidence earlier. Thus, the Court declines to consider the new documents proffered by Ms. Sicotte. *See Doe*, 306 F.3d at 183 n.9.

Ms. Sicotte argues that the magistrate judge erred in finding genuine issues of material fact regarding the objective and subjective prongs required to establish plaintiff's Eighth Amendment claim. Docket No. 54 at 5, 7. Specifically, Ms. Sicotte contends that the plaintiff cannot establish the seriousness of his medical need or Ms.

Sicotte's deliberate indifference. *Id*. Ms. Sicotte asserts that she "made sure the bottom bunk and bottom tier restrictions that had been in place for [p]laintiff since July 9, 2007 continued by noting the continuation of the restriction on [p]laintiff's ambulatory health record."  Docket No. 54 at 6, 7.  The magistrate judge's recommendation found that Ms. Sicotte had failed to establish the preexisting bottom bunk and bottom tier restriction and that a failure to order a bottom bunk and bottom tier accommodation for plaintiff's broken ankle makes it "possible to review these records and conclude that [d]efendant Sicotte's failure to appreciate the severity of plaintiff's injury was attributable to mere negligence or, even, happened despite the exercise of ordinary care.  But it is also possible to infer that she recklessly disregarded the possibility of a fracture, and that inference has to be drawn in plaintiff's favor at this stage of proceedings."  Docket No. 53 at 8.

The Court agrees with the magistrate judge that, viewing the facts in the light most favorable to the non-moving party, summary judgment is improper.  Plaintiff alleges that he "was never told of any of these [accommodations] nor was he ever given any of these things."  Docket No. 1 at 3.  The materials in the record before the Court show only that Ms. Sicotte relied on her belief that there was a pre-existing bottom bunk and bottom tier accommodation and that she did not order such an accommodation in the "Plans/Orders" section of the ambulatory health record.  *See* Docket No. 34-1 at 1. Plaintiff notes that since the original bottom bunk and bottom tier restrictions were put in place, he had been transferred "from the Arkansas Valley facility to the Limon facility to the Territorial facility to the Fremont facility" and that since he had been moved to the Fremont facility, his bottom bunk restriction had been taken from him.  Docket No. 55 at

2. Thus, even if the Court were to consider the new documents proffered by Ms. Sicotte in support of her objections, those documents do not establish that earlier accommodations from 2007 remained in place on February 26, 2014 at the time of plaintiff's second visit with Ms. Sicotte. As the magistrate judge properly noted, "[i]n order to find that the [accommodations] were actually put into effect, the Court would have to infer as much from the simple fact that Defendant Sicotte wrote them down. But on summary judgment, the Court cannot draw inferences in the moving party's favor." Docket No. 53 at 7; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010). Thus, there exists a factual issue regarding whether plaintiff received the accommodation Ms. Sicotte assessed to be medically necessary, as she noted in the "Objective" section of her report. *See* Docket No. 34-1. Accordingly, the Court finds summary judgment to be improper at this stage of proceedings.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 53] is **ACCEPTED**. It is further

**ORDERED** that defendant David Tessier's Motion to Dismiss [Docket No. 26] is **GRANTED**. It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 32] is **DENIED**. It is further

**ORDERED** that defendant Trudy Sicotte's Motion for Summary Judgment [Docket No. 34] is **DENIED**.

DATED March 1, 2016.

                    BY THE COURT:

                    s/Philip A. Brimmer
                    PHILIP A. BRIMMER
                    United States District Judge